UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Shahied Gotoy,

        Plaintiff

v.

James Dzurenda, et al.,

        Defendants

Case No. 2:23-cv-01636-CDS-VCF

**Order Dismissing
and Closing Case**

      Pro se plaintiff Shahied Gotoy brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 1-1. On October 24, 2023, this court ordered Gotoy to either file the necessary financial documents that were missing from his application to proceed *in forma pauperis* or pay the full $402 filing fee on or before December 26, 2023. ECF No. 3. The court warned Gotoy this action could be dismissed if he failed to timely comply with the order. *Id.* at 2. That deadline expired and Gotoy did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond to the court's order.

I.     Discussion

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

1  and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460
2  F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

3　　　　The first two factors, the public's interest in expeditiously resolving this litigation and
4  the court's interest in managing its docket, weigh in favor of dismissal of Gotoy's claims. The
5  third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a
6  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
7  ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th
8  Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is
9  greatly outweighed by the factors favoring dismissal.

10　　　　The fifth factor requires me to consider whether less drastic alternatives can be used to
11  correct the party's failure that brought about the need to consider dismissal. *See Yourish v.*
12  *California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic
13  alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*
14  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every
15  sanction short of dismissal before finally dismissing a case, but must explore possible and
16  meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this
17  court cannot operate without collecting reasonable fees, and litigation cannot progress without a
18  plaintiff's compliance with court orders, the only alternative is to enter a second order setting
19  another deadline. But issuing a second order will only delay the inevitable and further squander
20  the court's finite resources because Gotoy ignored the court's first order. Setting another deadline
21  is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.
22  Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

23  **II.　Conclusion**

24　　　　It is therefore ordered that this action is dismissed without prejudice based on Shahied
25  Gotoy's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402
26  filing fee in compliance with this court's October 24, 2023, order. The Clerk of Court is directed
27  to enter judgment accordingly and close this case. No other documents may be filed in this now-
28

1  closed case. If Shahied Gotoy wishes to pursue his claims, he must file a complaint in a new case
2  and either pay the required filing fee or properly apply for *in forma pauperis* status.
3      It is further ordered that Gotoy's incomplete application to proceed *in forma pauperis* **[ECF
4  No. 1]** and motion for pre-trial equitable relief **[ECF No. 1-2] are denied as moot**.
5      DATED: January 4, 2024

                                                                      _____
                                                                      Cristina D. Silva
                                                                      United States District Judge